## DABAH & CO. v. UNITED STATES

**No. 5625.**—Invoice dated Kobe, Japan, March 23, 1938.
Certified March 24, 1938.
Entered at New York, N. Y., April 26, 1938.
Entry No. 112782.

(Decided April 30, 1942)

*Brooks & Brooks* (*Frederick W. Brooks* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KINCHELOE, Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court,

(1) That the merchandise covered by the appeal enumerated above, and represented by the items marked "A" on the invoice and initialed A. H. L. by Examiner A. H. Lubben consists of cotton-rayon bedspreads which is not subject to T. D. 46158, from Japan, of the same character and description as that covered by the decision in *United States* vs. *Nippon Dry Goods Co.*, Reappt. Dec. 5006, affirming Reappt. Dec. 4704, and which were appraised on the same basis, the issue herein being the same as the issue in the above case, and that the record in that case may be incorporated herein.

(2) That the appraised value of the items marked "A" on the invoice in the case listed above, less any additions made by the importer by reason of the so-called Japanese consumption tax, represents the export value of such merchandise under the decisions above stated, and that there was no higher foreign value at the time of exportation thereof.

(3) That the appeal as to all other merchandise not marked "A" on the invoice in the case listed above are hereby abandoned.

(4) That the case listed above is hereby submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the merchandise represented on the invoice by the items marked A and initialed AHL by examiner A. H. Lubben, such values are the appraised values, less any additions made by the importer by reason of the so-called Japanese consumption tax.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extend the appeal is hereby dismissed. Judgment will be rendered accordingly.